UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMIA R. WORTHAM SMITH,

    Plaintiff,

vs.

COMMISISONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-264

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

___

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 13), the administrative record (doc. 6), and the record as a whole.

**I.**

    **A.**    **Procedural History**

Plaintiff filed an application for DIB asserting disability as of January 2, 2012. PageID 176-82. Plaintiff claims disability as a result of multiple impairments including, *inter alia*, obesity, depression, fibromyalgia, and chronic pain syndrome. PageID 44, 879.

___

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

After initial denial of her application, Plaintiff received a hearing before ALJ David A. Redmond on August 14, 2014. PageID 57-76. The ALJ issued a written decision on October 31, 2014 finding Plaintiff not disabled. PageID 42-51. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 46-51.

Thereafter, the Appeals Council denied review on May 17, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 30-35. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 44-50), Plaintiff's Statement of Errors (doc. 7), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

3

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing opinion evidence, including the opinion of treating family physician Rhea Rowser, M.D.; (2) improperly assessing her credibility; and (3) failing to consider all of her impairments throughout the sequential review process. Doc. 7 at PageID 917-26. Finding merit to Plaintiff's first alleged error concerning the ALJ's review of Dr. Rowser's opinion, the undersigned does not address the merits of the remaining alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these

medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[3]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties

---

[3] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Rowser has treated Plaintiff since January 2010 for, among other conditions, depression, carpal tunnel syndrome, and chronic pain syndrome/fibromyalgia.[4] PageID 562; *see also* 450, 841, 879. On August 8, 2012, Dr. Rowser opined that Plaintiff could work one day a week for up to five hours; would suffer flare-ups of her conditions up to two times every other month; and would miss up to two days of work each time she suffered a flare-up. PageID 889. On August 1, 2013, with regard to Plaintiff's fibromyalgia, Dr. Rowser opined that Plaintiff

---

[4] It is not entirely clear whether the ALJ considered Plaintiff's chronic pain syndrome and/or fibromyalgia at any point his opinion. Interestingly, at the initial determination level, Plaintiff was found to suffer from the severe impairment of fibromyalgia, as well as carpal tunnel syndrome. PageID 84, 98, 113. The ALJ, however, in addressing Plaintiff's severe limitations at Step Two, found that Plaintiff suffers from the severe impairment of "subjective pain syndrome," and makes no mention of chronic pain syndrome or fibromyalgia. PageID 44. The records cited by the ALJ in finding that Plaintiff suffers from "subjective pain syndrome" (PageID 706-26, 796-813) are mental health treatment records that make no mention of "subjective pain syndrome" while, instead, making mention of fibromyalgia and chronic pain. PageID 709, 715, 723, 808. While the Commissioner, on appeal, sets forth an explanation as to why the ALJ may have omitted a discussion of chronic pain syndrome and fibromyalgia, no such explanation was ever set forth by the ALJ. *See Romig v. Astrue*, No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio Mar. 18, 2013) (stating that "it is the opinion given by an administrative agency rather than counsel's 'post hoc rationale' that is under the Court's consideration"). With regard to carpal tunnel, there is no particular reasoning offered by the ALJ -- or the Commissioner on appeal -- as to why such condition was never discussed at Step Two. Courts have found that an ALJ's "failure . . . to find . . . conditions as medically determinable impairments, or to give an adequate explanation for discounting them, makes [the] decision[] at [S]teps [T]wo and [F]our of the sequential evaluation process defective." *Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923, at *7 (S.D. Ohio Feb. 10, 2017), *report and recommendation adopted sub nom. Jones v. Berryhill*, No. 3:15-CV-428, 2017 WL 1196179 (S.D. Ohio Mar. 31, 2017) (quoting *Weitzel v. Colvin*, 967 F. Supp. 2d 1089, 1097 (M.D. Pa. 2013)). In addition to the reasoning set forth *infra*, this serves as an independent basis meriting reversal of the ALJ.

could work up to four hours per day; stand for two hours per workday; sit for one hour per workday for 30 minutes at a time; lift ten pounds occasionally and five pounds frequently; and never raise her right arm above shoulder level. PageID 705. On September 11, 2013, Dr. Rowser opined that, because of "chronic pain syndrome - fibromyalgia[,]" Plaintiff "has too much pain to be actively involved in her work"; could work up to six hours per workday for a period of up to six to eight weeks; would experience pain flare-ups approximately two times every four to six weeks; and would miss two to three days of work each time she suffered a flare-up. PageID 880.

The ALJ gave Dr. Rowser's opinion "little weight," finding only that her opinions were inconsistent with Plaintiff's testimony, in which she stated that she was working eight hours a day three days per week at the time of her administrative hearing. PageID 49. The undersigned finds error in the ALJ's analysis.

Initially the undersigned notes that, when specifically weighing Dr. Rowser's opinion, the ALJ provides no analysis of the controlling weight factors -- *i.e.*, whether the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence[.]" 20 C.F.R. § 404.1527(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that the regulations are designed to "ensure[ ] that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

As noted above, the only reason specifically set forth by the ALJ in rejecting Dr. Rowser's opinions was the purported inconsistency between those opinions and Plaintiff's testimony. PageID 49. The consistency of an opinion "with the record as a whole," however, is a factor set forth in 20 C.F.R. § 404.1527(c)(4), which is a factor "properly applied only after the

7

ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); *see also* 20 C.F.R. § 404.1527(c)(2). Because the ALJ failed to set forth any reason for declining to afford Dr. Rowser's opinion controlling weight, the Court cannot determine whether he undertook the "two-step inquiry" the treating physician rule requires. *See id.* at 376-78. Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

Further, with regard to the controlling weight analysis, there is evidence of clinical and laboratory findings that may well support Dr. Rowser's opinions concerning Plaintiff's limitations arising from her chronic pain syndrome/fibromyalgia. *See* PageID 703-04, 879. In offering these opinions, Dr. Rowser specifically noted that Plaintiff had 16 of 18 tender points occurring on her body, and that "other disorders that could cause [Plaintiff's] symptoms or signs" were ruled out by x-rays and an EMG. PageID 704. Because "[t]he process of diagnosing [fibromyalgia] involves testing focal points for tenderness and ruling out other conditions through objective medical and clinical methods[,]" evidence of 16 positive tender points, and the ruling out of other disorders by objective testing, are significant pieces of evidence supportive of Dr. Rowser's opinion. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 434 (6th Cir. 2013). The ALJ's failure to consider and analyze such evidence -- in determining whether Dr. Rower's opinions were entitled to controlling weight -- is also reversible error. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 (6th Cir. 2007) (finding error where the "ALJ did not discuss [the] standard [for diagnosing fibromyagia] at all in his decision").

8

Finally, the undersigned concludes that the ALJ's reliance on Plaintiff's part-time work to undermine the entirety of Dr. Rower's opinion is misplaced.  In this regard, the ALJ concluded that Plaintiff's testimony -- in which she states that she works three days per week for a total of 24 hours -- is inconsistent with Dr. Rower's opinion that Plaintiff can only work up to six hours per workday.  *See* PageID 49, 62.  The ALJ does not, however, account for the entirety of Plaintiff's testimony or Dr. Rowser's opinions.

When speaking of her work, Plaintiff testified that she works 24 total hours over a course of three days per week, but also testified that she "barely can make it through the three days"; that she calls off of work approximately three times every two weeks because of her pain; and that she takes three to four extra unapproved breaks each day she works.  PageID 65-70.  With regard to absences from work, evidence of record -- such as Plaintiff's work attendance calendars (PageID 280-81) and her treatment notes (PageID 796) -- corroborate her testimony. Considering Plaintiff's testimony as a whole -- as well as corroborating evidence of a significant number of absences -- it is unclear to the undersigned how such testimony wholly undermines Dr. Rowser's opinions, especially those opinions concerning Plaintiff's ability to regularly attend work -- opinions that, if accepted, would render Plaintiff disabled.  PageID 72-73.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits.  The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately

establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

Here, the undersigned finds that factual issues remain unresolved and that evidence of disability is not overwhelming. Accordingly, a remand for further proceedings is proper.

V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: July 24, 2017         s/ Michael J. Newman
                            Michael J. Newman
                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).